UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-08398-CAS-JPRx | Date | October 29, 2018 |
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - EX PARTE APPLICATION TO REMAND CASE (Dkt. 9, filed October 3, 2018)

## I.    INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of November 5, 2018 is vacated, and the matter is hereby taken under submission.

On July 24, 2018, plaintiff pro se Robert Garber filed suit against defendant Sekret Sneed, in her individual capacity, in the Superior Court of California County of Los Angeles. Dkt. 1-1 ("Complaint"). Plaintiff alleges an invasion of privacy and/or the intentional disclosure of personal information, pursuant to California Civil Code § 1798.53. Id. at 5. He also appears to allege that Sneed is liable for intentional infliction of emotional distress. Id. at 3. Plaintiff's claims stem from Sneed's alleged disclosure of certain private and biographical information about plaintiff while Sneed defended the United States in a suit previously brought by plaintiff. Id. In that case, Sneed allegedly failed to redact this information, which was included in court documents filed in a prior proceeding. Id. At the time, Sneed was working as an Assistant U.S. Attorney ("AUSA") for the Central District of California. Id.

The Chief of the Civil Division for the United States Attorney's Office certified that Sneed was acting within the course and scope of employment with the United States at all times material to plaintiff's allegations, and Sneed removed the state action to this Court on September 28, 2018. Dkt. 1 – 2. Pursuant to 29 U.S.C § 2679(d)(2), the United States then substituted itself as defendant, in place of Sneed. Dkt. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-08398-CAS-JPRx | Date | October 29, 2018 |
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

On October 3, 2018, plaintiff filed an Ex Parte Application to remand the case to the state court. Dkt. 9 ("Mot."). He filed a supplemental briefing on October 10, 2018. Dkt. 16 ("Suppl."). The government filed an opposition to plaintiff's motion to remand on October 15, 2018. ("Opp'n"). Plaintiff filed a reply on October 25, 2018. Dkt. 21 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

The Court finds remand proper, pursuant to two federal statutes. First, "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to [the United States or any agency thereof or any officer (or person acting under that officer) of the United States] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C.A. § 1442 (West). "To invoke § 1442(a)(1) removal, a defendant in a state court action must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" Fidelitad, Inc. v. Insitu, Inc., 904 F.3d 1095, 1099 (9th Cir. 2018) (citing Jefferson Cty. v. Acker, 527 U.S. 423, 431 (1999)) (internal quotations omitted).

The government has sustained its burden of demonstrating that Section 1442(a)(1) applies. As the government explains, plaintiff's allegations arise out of Ms. Sneed's conduct while working as an AUSA. Opp'n at 5. In that capacity, Sneed allegedly failed to redact certain instances of plaintiff's private information which were included in exhibits for a motion for summary judgment. Id. Sneed possesses a colorable federal defense to plaintiff's claim, because plaintiff alleges state law claims and sovereign immunity bars state law claims against the United States and its agents for conduct within the scope of federal employment, absent waiver. Id. (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)). Accordingly, pursuant to Section 1442(a)(1), the Court finds removal proper.

The Court finds that removal is also proper on the basis of 28 U.S.C. § 1346(b)(1), which states that federal district courts have exclusive jurisdiction over Federal Tort Claim Actions ("FTCA"). 28 U.S.C.A. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-08398-CAS-JPRx | Date | October 29, 2018 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ").

Plaintiff appears to be suing Sneed as an officer of the United States. The claims arise out of Sneed's conduct while working as an AUSA, and the Attorney General certified that Sneed was a federal employee acting within the course and scope of her employment when the alleged misconduct occurred. Opp'n at 1–2. In addition, while plaintiff argues that the FTCA does not apply to his claims, see suppl. at 2; reply at 2, the gravamen of plaintiff's claim is an alleged invasion of privacy. This claim sounds in tort. See 5 B. E. Witkin et al., Witkin Summary of California Law, Torts § 775 (11th ed. 2018) (including Cal. Civ. Code 1798.53 in the chapter on torts). Therefore, plaintiff may only bring this claim as an FTCA action against the United States. Kee v. United States, 168 F.3d 1133, 1135 (9th Cir. 1999). ("[A]s long as the claim is not one for a violation of the Constitution or authorized by federal statute, the only remedy an injured person has in a Tort Claims Act case is an action against the United States: 'Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded.'"). The United States may remove the action to federal district court. 28 U.S.C.A. § 1346(b)(1).

### III. CONCLUSION

In accordance with the foregoing, plaintiff's motion is **DENIED**.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |